**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MANUEL JOSEPH RIVERA #1700319** | § | |
| | § | |
| **V.** | § | **A-11-CA-277-LY** |
| | § | |
| **AUSTIN POLICE DEPARTMENT,** | § | |
| **CITY OF AUSTIN, OFFICER** | § | |
| **SULUCLLURS a/k/a MICHEUL** | § | |
| **SCHULTHERS,[1] and** | § | |
| **AUSTIN CITY COUNCIL MEMBERS** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
 UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1); Plaintiff's more definite statement (Document No. 10); and the Amended Rule 12(b)(1) & (6) Motion to Dismiss and/or Motion for Summary Judgment (Document No. 30). Plaintiff did not file a response thereto.

**I. BACKGROUND**

At the time he filed his complaint, Plaintiff was confined in the Travis County Correctional Complex. Plaintiff was subsequently transferred to the Hightower Unit of the Texas Department of

---

[1] The correct spelling of the officer's name is "Michael Schultheis." The Court will refer to the officer by this spelling.

Criminal Justice - Correctional Institutions Division. Plaintiff alleges on October 9, 2009, Officer Schultheis used excessive force during Plaintiff's arrest. Plaintiff indicates he was previously arrested and his foot was injured due to the alleged used of excessive force on June 3, 2009.[2] Plaintiff alleges his foot required surgery in September 2009. Because of the surgery, Plaintiff was using a wheelchair at the time of the October 9, 2009 arrest.

According to Plaintiff, he stopped to take a rest at the bus stop on the corner of Brazos and Sixth Street. Plaintiff indicates he observed someone smoking a marijuana cigarette at the bus stop. Plaintiff recounts the Austin Police Bicycle Patrol Unit arrived and questioned the smoker. As the smoker was being questioned, Plaintiff asserts he left and headed to the Salvation Army where Plaintiff had a sick bay bed reserved. Before Plaintiff arrived at the Salvation Army, he alleges he was surrounded by the bicycle patrol and was asked to get up from the wheelchair. According to Plaintiff, the police officer grabbed Plaintiff's left arm and put it straight up Plaintiff's back while he questioned Plaintiff about the smoker. Plaintiff alleges the police officer subsequently took him to the ground. In the process Plaintiff banged his right eye on the window ledge. In addition, Plaintiff asserts his injured foot was re-injured and the officer pulled his hair. While confined in the Travis County Correctional Complex, Plaintiff alleges his leg and foot became infected. He was returned to the hospital for a second surgery. Plaintiff asserts his criminal charges were dismissed and he was released. Because Plaintiff had been confined in jail, he asserts he lost his sick bay bed at the Salvation Army and all of his belonging. After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement.

---

[2] Plaintiff filed a civil rights complaint in Cause No. A-11-CV-275-LY regarding the June 3, 2009 arrest. The undersigned submitted a Report & Recommendation on that complaint this date.

In his more definite statement Plaintiff clarifies he is naming all of the Austin City Council Members as defendants in addition to the Austin Police Department, the City of Austin, and Officer Schultheis. Plaintiff indicates that after he was released from jail he voiced his complaint to the Austin City Council. Plaintiff complains they took no action.

The Court ordered service on the City of Austin and Officer Schultheis. The City of Austin and Officer Schultheis move to dismiss Plaintiff's complaint or in the alternative for summary judgment. Defendants contend the Court lacks subject matter jurisdiction over this case, Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), Plaintiff failed to state a claim against the City for which relief can be granted because the City is not liable under a theory of respondeat superior, and Officer Schultheis is protected by qualified immunity.

## II. ANALYSIS

A. Standard Under 28 U.S.C. § 1915(e)

The Court did not order service against the Austin Police Department or the Austin City Council Members. The Court will analyze Plaintiff's claims brought against these defendants pursuant to 28 U.S.C. § 1915(e). An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro

3

se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

1. Austin Police Department

The Austin Police Department is not a legal entity capable of being sued. See Guidry v. Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Therefore, Plaintiff's claims against the Austin Police Department should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

2. Austin City Council Members

The next issue the Court must address is whether Plaintiff has stated a claim under 42 U.S.C. § 1983 against the Austin City Council Members. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and the laws.'" Baker v. McCollan, 443 U.S. 137, 140, 99 S. Ct. 2689, 2692 (1979); Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994). "By its terms, of course, the statute creates no substantive rights; it merely provides remedies for deprivations of

rights established elsewhere." Oklahoma City v. Tuttle, 471 U.S. 808, 816, 105 S. Ct. 2427, 2432 (1985) (citing Baker, 443 U.S. at 140, 144 n.3, 99 S. Ct. at 2692, 2694 n.3). Even after the plaintiff has established a deprivation of a constitutional right, he must still show that the defendant was the "person" who caused the plaintiff's deprivation. Id. at 817, 105 S. Ct. at 2433.

Plaintiff has not alleged a valid constitutional violation against the Austin City Council Members. Plaintiff is merely dissatisfied they failed to address his complaint when he complained to them about the injury sustained during his arrest. Accordingly, Plaintiff's claims should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

B.  Standard Under Rule 12(b)(1)

Defendants City of Austin and Officer Schultheis move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Rule 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)). "[T]he standard of Rule 12(b)(1) ... while similar to the standard of Rule 12(b)(6), permits the court to consider a broader range of materials in resolving the motion." Williams v. Wynne, 533 F.3d 360, 365 n. 2 (5th Cir. 2008).

A court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Clark v. Tarrant Cnty., 798 F.2d 736, 741 (5th Cir. 1986). If, however, the defendant challenges the court's subject matter jurisdiction based only on the allegations in the

complaint, the court's review is limited to the complaint alone. See Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981) (distinguishing between a facial attack and a factual attack on subject matter jurisdiction). If the allegations, which the court must accept as true, are sufficient to allege jurisdiction, "the complaint stands." Id.; see also Sinaltrainal v. Coca–Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) ("In a facial attack ... the court examines whether the complaint has sufficiently alleged subject matter jurisdiction. As it does when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged ... in the complaint as true.").

In this case, the Court has subject matter jurisdiction over Plaintiff's claims brought pursuant to 42 U.S.C. § 1983. Accordingly, the Amended Rule 12(b)(1) Motion to Dismiss should be denied.

C. Heck v. Humphrey

Defendants City of Austin and Officer Schultheis move to dismiss Plaintiff's complaint pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). Defendants have provided the Court with evidence that Plaintiff pleaded nolo contendere and was convicted of resisting arrest with regard to the October 9, 2009 arrest. According to Defendants, Plaintiff was sentenced to twenty-two days in jail. See Defendants' Exhibit 1.

Heck involved a lawsuit filed pursuant to Section 1983 in which a finding in the plaintiff's favor would have implied that a state criminal conviction was invalid. See Heck, 512 U.S. at 487. As a result, when damages are sought in a civil rights lawsuit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence. Id. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. If, however, the court determines that

6

the plaintiff's action, even if successful, would not demonstrate the invalidity of the conviction or sentence, the action should be allowed to proceed, in the absence of any other bar to the suit. Id.

The rule discussed in Heck bars Plaintiff's claims here. In his original complaint Plaintiff states he would not have been able to hit the officer, as Officer Schultheis claims, because of Plaintiff's prior injury and because he is disabled. Plaintiff's success on his claim for use of excessive force would necessarily imply the invalidity of his conviction for resisting arrest. See DeLeon v. City of Corpus Christi, 488 F.3d 649, 656-57 (5th Cir. 2007) (holding that Heck barred Appellant's excessive force claim where his complaint maintained that he did not resist arrest and did nothing wrong and provided no alternative pleading or theory of recovery).

D. Standard Under Rule 12(b)(6)

Alternatively, Defendants City of Austin and Officer Schultheis move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161 (1993); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." Bell Atlantic v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1965-66 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim

7

to relief that is plausible on its face." Id., 550 U.S. at 570, 127 S. Ct. at 1974. The Supreme Court has recently made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The standard is properly guided by "[t]wo working principles." Id. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949-50. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, in considering a motion to dismiss the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged-but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Even after Twombly, though, courts remain obligated to construe a pro se complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (reiterating long-standing rule that documents filed pro se are to be construed liberally).

     1.     Municipality Liability

Plaintiff has failed to state a claim upon which relief can be granted against the City of Austin or Officer Schultheis in his official capacity. As explained by the Defendants, a political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights

violations under the theory of respondeat superior. Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. Id; Collins v. City of Harker Heights, Tex., 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115, 112 S. Ct. 1061 (1992). Thus, the City of Austin would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. Bennett v. City of Slidell, 728 F.2d 762, 768 (5th Cir. 1984), cert. denied, 472 U.S. 1016, 105 S. Ct. 3476 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." Pembaur v. Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299 (1986). Plaintiff failed to identify a policy, practice or custom of the City of Austin that caused a deprivation of his constitutional rights. Accordingly, Plaintiff failed to state a claim upon which relief can be granted against the City of Austin or Officer Schultheis in his official capacity.

      E.     Summary Judgment Standard

Alternatively, Defendants the City of Austin and Officer Schultheis move for summary judgment. A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue

for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.[3]

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)).

---

[3]Effective December 1, 2010, Rule 56 was amended. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same. See FED. R. CIV. P. 56(a) (eff. Dec.1, 2010) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

1. Officer Schultheis

Defendant Schultheis asserts his entitlement to qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). Immunity in this sense means immunity from suit, not merely from liability. Jackson v. City of Beaumont, 958 F.2d 616 (5th Cir. 1992). "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law." Brady v. Fort Bend County, 58 F.3d 173, 174 (5th Cir. 1995).

To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. Waltman v. Payne, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted). To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present "absolute proof," but must offer more than "mere allegations." Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991).

For several years, the Supreme Court required that the first of these criteria—whether plaintiffs' facts allege a constitutional violation—must be decided at the outset. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001). In 2009, the Court reversed course, holding that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs

of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808 (2009).

Claims of excessive force in the course of a seizure are analyzed under the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 388, 109 S. Ct. 1865 (1989). "To succeed on an excessive force claim [under 42 U.S.C. § 1983], a plaintiff bears the burden of showing (1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable." Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001) (internal quotation marks omitted). "In gauging the objective reasonableness of the force used," the court "must balance the amount of force used against the need for that force." Ikerd v. Blair, 101 F.3d 430, 434 (5th Cir. 1996). Construing the facts most favorably to Plaintiff, the evidence reflects that Officer Schultheis did not engage in excessive use of force against Plaintiff or did not act in an objectively unreasonable manner.

According to Officer Schultheis, on October 9, 2009, he was on bike patrol and observed a male at the bus stop smoking marijuana. See Exhibit 2, Affidavit of Officer Schultheis at ¶ 4. The male suspect was sitting with Plaintiff, who became alarmed and left the bus stop. Id. at ¶ 5. The suspect smoking the marijuana reported Plaintiff sold him the joint. Id. Officer Schultheis pursued Plaintiff, who he claims smelled of alcohol. Id. at ¶ 6. According to Officer Schultheis, he asked Plaintiff to stand and submit to a search, which he did. Id. Officer Schultheis indicates he had Plaintiff put his hands up against a window to support his weight while he searched him. Id. Officer Schultheis attests that when he began to search Plaintiff's wheelchair, Plaintiff became aggressive. Id. at ¶ 7. According to Officer Schultheis, he grabbed Plaintiff's left arm, but Plaintiff threw a right hook. Id. Officer Schultheis allegedly leaned back and used his grasp on Plaintiff's left arm to spin

12

him around and push him away to create a distance between Plaintiff and him. Id. Plaintiff allegedly lost his balance as he spun around in close proximity to the window. Id. According to Officer Schultheis, Plaintiff's eye struck the window ledge as he went down. Id. Officer Schultheis claims Plaintiff was combative, very belligerent, verbally abusive, smelled of alcohol and appeared to be under the influence of alcohol or drugs. Id. at ¶ 10. Officer Schultheis denies making any physical contact with Plaintiff other than to grab his arm and push him away from him to avoid Plaintiff's right hook. Id. at ¶ 12. Officer Schultheis claims he used only the minimum amount of force necessary to arrest Plaintiff. Id. at ¶ 13. Officer Schultheis asserts Plaintiff's injuries were sustained after he swung at the officer and Officer Schultheis attempted to divert his swing. Id. at ¶ 14.

Plaintiff has not refuted the summary judgment evidence and admitted in his original complaint he was having a mood swing during his arrest and was cursing the officer. The summary judgment evidence offered by Defendants affirmatively demonstrates that Officer Schultheis did not violate Plaintiff's constitutional rights to be free from excessive force. Further, even if Officer Schultheis had violated any of Plaintiff's clearly established constitutional rights, the undisputed evidence shows that his behavior was objectively reasonable under the circumstances. Accordingly, Defendant Officer Schultheis is entitled to qualified immunity.

### III. RECOMMENDATION

The undersigned recommends that the District Court **DISMISS WITH PREJUDICE** Plaintiff's claims brought against the Austin Police Department and the Austin City Council Members for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e), **DENY** the Amended Rule 12(b)(1) Motion to Dismiss, **DISMISS** Plaintiff's claims

brought against the City of Austin and Officer Schultheis as frivolous pursuant to 28 U.S.C. § 1915(e) as those claims are barred by Heck,[4] alternatively **GRANT** the Amended Rule 12(b)(6) Motion to Dismiss with respect to Plaintiff's claims brought against Defendants City of Austin and Officer Schultheis in his official capacity, and alternatively **GRANT** the Motion for Summary Judgment with respect to Plaintiff's claims brought against Defendant Officer Schultheis in his individual capacity, as he is protected by qualified immunity.

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

---

[4] Plaintiff's claims should be dismissed without prejudice to refile once the conditions of Heck are met. Plaintiff should be allowed to refile only upon a showing that his conviction for resisting arrest "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

14

being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. en banc, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of December, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE